**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| S&T BANK, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-01341 |
| | ) | Judge Nora Barry Fischer |
| SAFECO INSURANCE COMPANY OF | ) | |
| AMERICA, GENERAL INSURANCE | ) | |
| COMPANY OF AMERICA, FIRST NATIONAL | ) | |
| INSURANCE COMPANY OF AMERICA, and | ) | |
| SAFECO NATIONAL INSURANCE COMPANY | ) | |
| and A&L, INC., | ) | |
|       Defendants. | ) | |

## MEMORANDUM ORDER

This matter is before the Court on the following motions: Plaintiff's Motion to Remand Case and Strike Removal for Lack of Jurisdiction [DE 5], filed by Plaintiff S&T Bank on October 9, 2007; and Motion to Remand [DE 17], filed by Defendant A&L, Inc. on November 2, 2007.

## PROCEDURAL HISTORY

The instant matter tangentially relates to two other federal lawsuits, all of which arise out of (at least in part) an "Intercreditor and Mutual Subordination Agreement," entered into between S&T Bank (referred to therein as "Lender") and the Safeco Defendants (referred to therein as "Creditor") (hereinafter, "Intercreditor Agreement"). In said Intercreditor Agreement, A&L is referred to as the "Borrower."

First, on August 8, 2007, Safeco Insurance Company of America, General Insurance of America, First National Insurance Company of America, and Safeco National Insurance Company filed a Complaint in federal court against A & L, Inc., Gal Construction, Inc., Bojalad Holdings, Inc., Louis D. Ruscitto, and Carol A. Ruscitto, in which they allege claims for breach of contract,

assumpsit, reimbursement, specific performance, and interference with contractual relations arising out of a indemnity agreement. On October 3, 2007, after Defendants filed a Motion to Dismiss or in the Alternative, Strike Based on Rule 12(b)(1), 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure, the Plaintiffs filed an Amended Complaint, in which they added S&T Bank as a defendant. This action is styled as Civil Action No. 07-01086.

Second, on September 17, 2007, S&T Bank filed a Complaint for Declaratory Judgment and Accounting against Safeco Insurance Company of America, General Insurance of America, First National Insurance Company of America, and Safeco National Insurance Company in the Court of Common Pleas of Indiana County, Pennsylvania, at Case No. 11728-CD-2007 ("first state court case"). On or about September 24, 2007, Plaintiff served the Complaint upon the Defendants. On the morning of October 1, 2007, Plaintiff filed a Praecipe to Settle and Discontinue Without Prejudice, pursuant to Pennsylvania Rule of Civil Procedure 229(a). During the afternoon of the same day, Defendants filed a Notice of Filing of Notice of Removal, effectively removing Case No. 11728-CD-2007 to this Court. This first state court case is styled as Civil Action No. 07-01324.

Third and finally, on October 1, 2007, S&T Bank filed a Complaint for Declaratory Judgment and Accounting in the Court of Common Pleas of Indiana County, Pennsylvania, at Case No. 11811-CD-2007 ("instant Complaint"), against the following defendants: Safeco Insurance Company of America, General Insurance Company of America, First National Insurance Company of America, and Safeco Insurance Company (collectively hereinafter, "Safeco Defendants") *as well as* A&L, Inc ("second state court case"). On the same day, Plaintiff served the Complaint upon all Defendants. On October 3, 2007, the Safeco Defendants filed a Notice of Filing of Notice of Removal, effectively removing Case No. 11728-CD-2007 to this Court, which precipitated the filing of the instant pending

motions to remand by Plaintiff S&T Bank and Defendant A&L.  This second state court case is the instant action.[1]

## PENDING MOTIONS

As a result of the Safeco Defendants' notice of removal in this action, on October 9, 2007, Plaintiff filed its motion to remand and strike removal, proffering two arguments in support of remand: (1) Defendants are contractually precluded from removing the instant action; and, or in the alternative, (2) there is no complete diversity amongst the Defendants and thus this Court lacks jurisdiction over this matter.  On October 18, 2007, the Safeco Defendants filed Safeco's Response in Support of Removal Due to Fraudulent Joinder, in which Defendants argue that (1) removal is permissible under the Intercreditor Agreement; and (2) Plaintiff fraudulently joined Defendant A&L in order to destroy diversity.  On October 30, 2007, Plaintiff filed Plaintiff, S&T Bank's Reply Brief to Safeco's Response in Support of Removal.

Subsequently thereafter, on November 2, 2007, Defendant A&L filed its motion to remand, arguing that "[t]his Court cannot exercise jurisdiction over the subject matter of the [instant matter] based on diversity because A&L and S&T are adverse parties who share a common, non-diverse citizenship." (Docket No. 17 at ¶21).  On November 15, 2007, the Safeco Defendants filed Safeco's response to A&L's Motion to Remand.  On November 21, 2007, Plaintiff S&T filed Plaintiff, S&T Bank's Response in Support of Defendant, A&L, Inc.'s Motion to Remand.  Five days later on November 26, 2007, Plaintiff S&T filed an Amendment to the same in order to correct a typographical error.  Also on November 26, 2007, upon leave of Court, Defendant A&L filed

---

[1]     In an attempt to resolve all of the pending, related litigation, the Court recommended mediation as to all three cases, however the parties declined.

Defendant A&L, Inc.'s Reply Brief in Support of Motion to Remand. And finally, on December 11, 2007, the Safeco Defendants filed their Reply Brief of Safeco.

Needless to say, both motions are fully briefed and ripe for disposition. Because the Court finds that the Safeco Defendants have failed to meet their burden to establish fraudulent joinder, the Court declines to address whether the Safeco Defendants waived the right of removal in the Intercreditor Agreement.

## ANALYSIS

Federal court are courts of limited jurisdiction, as outlined in Article III of the U.S. Constitution. In conformity with this well-established principle, "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.' " *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted); *see also Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1992). 28 U.S.C. §1441, entitled "Action removable generally," provides, in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if* none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §1441(b) (emphasis added). Because there is no federal question here, this Court does not have original jurisdiction over this action, i.e., the first sentence of section 1441(b) does not apply. Therefore, according to the second sentence of section 1441(b), a state court action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought", i.e., the Commonwealth of Pennsylvania. *Id.* Here, the

4

face of the instant Complaint filed at No. 11811-CD-2007 in the Court of Common Pleas of Indiana County plainly reveals that Plaintiff S&T is a state bank organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal office within the Commonwealth of Pennsylvania as well, and Defendant A&L is a Pennsylvania Corporation with its principal place of business within the Commonwealth of Pennsylvania. (*See* Docket No. 5, Exh. 2, at ¶1,3) ("Complaint for Declaratory Judgment and Accounting"). Because the citizenship of a corporation is determined according to where it is incorporated and the location of its principal place of business, *see* 28 U.S.C. 1332(c)(1) (providing that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ..."),[2] based on a plain reading of the instant Complaint, Plaintiff S&T and Defendant A&L are both citizens of the Commonwealth of Pennsylvania and hence there is no complete diversity between the parties.

Therefore, in order to overcome the bar to removal created by the second sentence in section 1441(b), the Safeco Defendants must demonstrate that Defendant A&L was not a properly named defendant in this action. In support thereof, they assert the following theory: S&T fraudulently joined Defendant A&L in order to divest the federal court of diversity jurisdiction. Specifically, the Safeco Defendants contend that, in its Complaint in the second state court case, Plaintiff S&T has attempted to establish Defendant A&L as a "straw person" by comparing the Complaints in the first state court case and the second state court case. The Court now turns to this argument.

"Because a party who urges jurisdiction on a federal court bears the burden of proving that

---

[2]      The Court notes that the Safeco Defendants do not dispute the citizenship of Plaintiff S&T and/or Defendant A&L.

jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a heavy burden of persuasion." *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987) (citations omitted)). Joinder will be deemed fraudulent only where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant. *Id.* at 112; *Batoff v. State Farm Ins. Co.,* 977 F.2d 848 (3d Cir. 1992). The Third Circuit has clearly held that, where a plaintiff has a colorable claim against a non-diverse defendant, that defendant cannot be held to have been improperly joined for purposes of destroying diversity. *Boyer,* 913 F.2d at 111; *Batoff,* 977 F.2d at 848. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer,* 913 F.2d at 111 (citing *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440-41 (11th Cir. 1983) (quotations omitted)). In making this determination, "[a] district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111 (citations omitted). Furthermore, "the joinder may be fraudulent if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state." *Boyer,* 913 F.2d at 111, 112 (quotations omitted).

In order to fully address and consider the Safeco Defendants' fraudulent joinder argument, the Court must look to the allegations in Plaintiff's Complaint, which the Court accepts as true for purposes of the instant motion to remand. *Roth v. US LEC of Pennsylvania, Inc.*, No. Civ.A. 05-CV-4452, 2005 WL 2340468, at *1 (E.D. Pa. Sept. 23, 2005) (citing *Steel Valley Auth. v. Union Switch*

*& Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) ("On a motion to remand, the allegations in the complaint must be treated as true")). Plaintiff's Complaint stems from the Intercreditor Agreement dated June 13, 2006, in which S&T ("Lender") and the Safeco Defendants ("Creditor") "set forth the priority between [them] as to their liens and claims on certain assets of A&L" (referred to therein as "Borrower"). However, prior to the Intercreditor Agreement, Plaintiff alleges that Safeco provided to A&L "certain financial assistance allowing the completion of certain of A&L's contract obligations in connection with A&L's business," which, in turn, was secured by certain A&L construction contracts in connection with surety bonds issued by Safeco. Of particular relevance here, the Intercreditor Agreement defines "[Safeco] Priority Collateral," i.e., assets of A&L that Safeco has a priority over S&T, (*see* Docket No. 5, Exh. A, at § 1.10(a)), and "[S&T] Priority Collateral," i.e., assets of A&L that S&T has priority over Safeco, (*see* Docket No. 5, Exh. A, at § 1.10(f)). In each section of the Intercreditor Agreement, while Safeco's collateral is expressly excluded from certain contracts between A&L and the Port Authority of Allegheny County, S&T's collateral is expressly included in the same.[3] Accordingly, S&T asserts that it possesses an "undisputed first priority security interest liens in all of A&L's inventory and accounts receivable from the PAT Contracts and any proceeds from any settlement or judgment reached in the lawsuit between A&L and Port Authority involving the PAT Contracts." (Docket No 5, Exh. 2, at ¶25).

Based on the well-pled allegations in the instant Complaint, the Court finds that, at the very least, Plaintiff S&T Bank has stated a "colorable claim" against Defendant A&L, i.e., its claim is not

---

[3] Further complicating the instant matter, A&L and the Port Authority of Allegheny County are engaged in a lawsuit in the Court of Common Pleas of Allegheny County at Case No. GD 02-006832, regarding certain contracts between them, referred to as "PAT" contracts.

"wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852. Or, stated differently, the Court finds

that there is a "possibility" that a state court could find that Plaintiff stated a cause of action against

A&L. While the Safeco Defendants exert time and energy comparing the two complaints from the

first state court case to the second state court case (i.e., "piercing the pleadings"), the Court finds that

this analysis reveals little by way evidence in support of fraudulent joinder. The Safeco Defendants

methodically and strategically break down Plaintiff's Complaint by comparing the relevant

paragraphs, only to subsequently draw inferences and conclusions therefrom in favor of their

viewpoint. In doing so, the Safeco Defendants venture away from a jurisdictional analysis, which

a court completes on a motion to remand, and into the realm of the merits, from which a court should

steer clear at this stage. *See Boyer*, 913 F.2d at 112 (providing that "the district court, in the guise

of deciding whether the joinder was fraudulent, stepped from the threshold jurisdictional issue into

a decision on the merits. As the Supreme Court held in *Chesapeake & Ohio Ry. v. Cockrell*, 232

U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914), this it may not do").

On the contrary, as pointed out by Plaintiff S&T, the Safeco Defendants' entire argument in

support of fraudulent joinder misses the essential point (in the Court's view): the procedural posture

of the instant matter as a declaratory judgment under 42 Pa. C.S.A. § 7533.[4] Of particular relevance

here, § 7540, which defines the parties, provides, in pertinent part:

---

[4]

       Section 7533 provides:

> Any person interested under a deed, will, written contract, or other writings
> constituting a contract, or whose rights, status, or other legal relations are affected
> by a statute, municipal ordinance, contract, or franchise, may have determined any
> question of construction or validity arising under the instrument, statute, ordinance,
> contract, or franchise, and obtain a declaration of rights, status, or other legal
> relations thereunder.

42 Pa. C.S.A. § 7533.

> When declaratory relief is sought, all persons shall be made parties
> who have or claim *any* interest which would be affected by the
> declaration, and no declaration shall prejudice the rights of persons
> not parties to the proceeding.

42 Pa. C.S.A. § 7540(a) (emphasis added). In assisting a court to construct the declaratory judgment act, section 7541 provides helpful guidance: "Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be *liberally construed and administered*." 42 Pa.C.S.A. § 7541(a) (emphasis added). Here, not only does A&L *have* an interest insofar as a declaration *may* affect its rights, but A&L has also *claimed* an interest as well. At this stage and considering the presumption in favor remand, the Court finds that the same is sufficient.

Finally, in their opposition to remand responding to both S&T's motion and A&L's motion, the Safeco Defendants continually assert that because A&L is not a party to the Intercreditor Agreement and/or because the Intercreditor Agreement excludes third party beneficiaries, A&L has no cognizable interest therein. (*See* Docket No. 13, at 11; Docket No. 20, at 8-12). However, the Safeco Defendants cite to no case requiring privity of contract between a plaintiff and a defendant in order to constitute an "interest" for purposes of the Pennsylvania Declaratory Judgment Act. Thus, the Court concludes, the Safeco Defendants have failed to carry their "heavy burden." Thus, the Safeco Defendants have failed to meet their burden of persuasion as to fraudulent joinder and, therefore, the Safeco Defendants failed to overcome the bar to removal found at section 1441(b).[5]

---

[5] Throughout their brief in opposition, the Safeco Defendants make reference to "collusion" between S&T Bank and A&L and other references, asserting that the two parties conspired to deprive this Court of diversity jurisdiction. However, S&T Bank preempted such an accusation in its Plaintiff's Brief in Support of Motion to Remand Case and Strike Removal for Lack of Jurisdiction (Docket No. 6), in which it explains that counsel for A&L notified counsel for S&T Bank of its intention to intervene in the first state court case, which triggered S&T Bank's decision to settle and discontinue the first state court case and re-file the second state court case (the instant matter), naming Defendant A&L.

In addition, the Third Circuit has construed 28 U.S.C. § 1446(a), which provides that "[a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action," to require that when there is more than one defendant, all must join in the removal petition. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985) (citation omitted); *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) ("Despite the ambiguity of the term 'defendant or defendants,' it is well established that removal generally requires unanimity among the defendants") (citations omitted). Commonly referred to as the "rule of unanimity," the lack of consent by all defendants in the removal provides a separate and distinct ground for remand.[6] *See Addlespurger v. Compaq Computer Corp.*, 2007 WL 1830768, at *2 (W.D. Pa. 2007) (citing *Balazik*, 44 F.3d at 213 ("Absent an exception to the unanimity rule, the failure of all defendants to join in a removal petition is a

---

Plaintiff contends that they did so in the interests of "not wasting judicial resources and minimizing expenses ... ." (Docket No. 6 at 9). Absent any evidence to the contrary save conjecture and speculation from the Safeco Defendants, the Court sees no evidence of collusion or other improper conduct on behalf of Plaintiff S&T Bank and Defendant A&L. Nevertheless, "[t]he motivation behind a joinder, even if it is a desire to defeat removal, is also irrelevant." *Berkeyheiser v. A-Plus Investigations, Inc.*, Civil Action No. 06-cv-1706, 2006 WL 1804576, at *1 n.1 (E.D. Pa. June 26, 2006) (citing *Mount Olivet Tabernacle Church v. Emerson Elec. Co.*, Civil Action No. 96-8529, 1997 WL 89118, at *4 (E.D. Pa. Feb. 26, 1997)).

6
      The Court notes that while the Safeco Defendants' Notice of Removal only references 28 U.S.C. § 1441 ("Actions removal generally") and not 28 U.S.C. § 1446 ("Procedure for removal"), the latter still applies insofar as it governs the procedure for removal.

'defect in [the] removal procedure' ") (collecting cases)[7]; *Wiltz v. Middlesex County Office of Prosecutor*, Civ. Docket No. 06-4902 (FSH), 2007 WL 2713040, at *2 (D.N.J. Sept. 7, 2007) (providing that even if the respective defendants' "arguments are credited, [because not all of the defendants consented to removal], this Court has no choice but to grant Plaintiff's motion").

Finally, the Court notes that its instant decision in no way reflects the Court's opinion as to the merits of S&T's claim against A&L. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992) ("But the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder. Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted").

## CONCLUSION

Based on the foregoing, and considering the deference given to a plaintiff to select the forum and the presumption in favor of remand, and resolving all doubts in favor of remand, the Court GRANTS Plaintiff's Motion to Remand Case and Strike Removal for Lack of Jurisdiction [DE 5].[8] However, the Court DENIES Plaintiff's request for attorney's fees. Accordingly, the Court DIRECTS the Clerk of the Court to remand this action to the Court of Common Pleas of Indiana County, Pennsylvania FORTHWITH. As a function of the Court's granting Plaintiff's motion to

---

[7]
 Excluding fraudulent joinder, which the Court has concluded fails, the Safeco Defendants do not assert any other exceptions to the unanimity rule.

[8]
 In the last sentence of its response, the Safeco Defendants request the opportunity to conduct discovery as to A&L's "interest" here. However, as the Court has concluded that Plaintiff S&T's Complaint sufficiently establishes the interest of A&L in the second state court case for the purposes of remand and the Safeco Defendants have failed to carry their burden as to fraudulent joinder, the Court sees no benefit from discovery, but only unnecessary expense and more delay.

remand, which was filed prior in time to Defendant A&L's motion to remand, the Court DENIES

as moot Defendant A&L's Motion to Remand [DE 17] and further denies A&L's request for costs

and expenses, including attorneys' fees.


*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   March 17, 2008.

cc/ecf:  All counsel of record.